J-A01045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.S. A/K/A D.D.G.S., A MINOR | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : | |
| APPEAL OF: R.S., FATHER | : : : | |
| | : : | |
| | : | No. 1836 EDA 2017 |

Appeal from the Order Entered May 11, 2017
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): CP-51-AP-0000440-2017,
CP-51-DP-0000647-2017

BEFORE: LAZARUS, J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY OTT, J.:                    **FILED JULY 09, 2018**

R.S. ("Father") appeals from the decree that involuntarily terminated his parental rights to his son, D.S. a/k/a D.D.G.S. ("Child"), born in December of 2014, and the order that changed Child's placement goal to adoption.[1]

On March 8, 2017, the Philadelphia Department of Human Services ("DHS") received a report alleging that Mother jumped out of a second floor window with Child in her arms while under the influence of phencyclidine. The trial court placed Child in the emergency protective custody of DHS on March

---

* Retired Senior Judge assigned to the Superior Court.

[1] F.H. ("Mother") did not file a notice of appeal from the involuntary termination decree or the goal change order, and she is not a party to this appeal.

13, 2017. By order dated March 24, 2017, the trial court adjudicated Child dependent, and set his placement goal as return to parent. By separate order on March 24, 2017, the trial court found aggravated circumstances existed as to Father because his parental rights to two older children were involuntarily terminated,[2] and directed that no efforts be made to reunify Child with Father.

On April 18, 2017, DHS filed a petition for goal change to adoption and a petition for the involuntary termination of Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (4), (5), (8), and (b). A hearing occurred on May 11, 2017, before the Honorable Lyris Younge, during which Child was represented by both a Child Advocate and a Guardian *Ad Litem* ("GAL"). By order entered on May 11, 2017, the trial court changed Child's placement goal to adoption. In addition, the court entered a decree the same day involuntarily terminating Father's parental rights. Father timely filed a notice of appeal and a concise statement of errors complained of on appeal.

On May 25, 2018, counsel for DHS, the Child Advocate, and the GAL, along with Father's counsel, filed a joint application of all parties to vacate the goal change order and involuntary termination decree and remand for a new hearing. The joint application arises after Father, through counsel, timely filed

---

[2] Father's and Mother's parental rights to those children were involuntarily terminated on July 21, 2016. DHS Exhibit 7. Father did not file an appeal from the decrees. However, Mother appealed from the decrees, which this Court affirmed. **See In the Interest of N.K.S. and F.H.**, 175 A.3d 427 (Pa. Super. 2017 (unpublished memorandum).

an advocate brief, following this Court denying counsel's petition for leave to withdraw and remanding for either a compliant **Anders** brief or an advocate brief, *inter alia*.  **See In the Interest of D.S. a/k/a D.D.G.S.**, 1836 EDA 2017 (Pa. Super. March 8, 2018) (unpublished memorandum).   DHS requested an extension of time to file its brief, which this Court granted.  In lieu of filing its appellee brief, DHS, along with the Child Advocate, and the GAL, chose to file the joint application.

Based on the parties' joint request, and the record evidence demonstrating that the trial court entered the subject order and decree approximately seven weeks after Child's dependency adjudication, we vacate the order changing Child's placement goal to adoption and the decree involuntarily terminating Father's parental rights.

Goal change order vacated.  Case remanded for entry of a new permanency order maintaining Child's placement goal of reunification and for further permanency review hearings in juvenile court.  Involuntary termination decree vacated.  Case remanded for entry of an order denying the involuntary termination petition.

Petition for remand granted.  Rule to show cause discharged.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/9/18